UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY MAKAS,<br><br>                Petitioner,<br><br>vs.<br><br>WILLIAM DICKSON, Executive Director,<br>Capital District Psychiatric Center,<br><br>                Respondent. | No. 9:02-cv-00836-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 105] |

      At Docket No. 105, Petitioner Timothy Makas filed a second application for leave to file a motion for further reconsideration of the Memorandum Decision and Judgment of this Court entered on June 7, 2007, denying his Petition for habeas relief. [Docket Nos. 77, 78] In his Petition, Makas challenged his continued detention in a secure mental health facility after pleading not responsible by reason of mental disease or defect (NRRMDD) to charges arising out of the arson of real property he owned. In his Petition, Makas presented three grounds for relief: (1) ineffective assistance of counsel for failure to obtain discovery material; (2) ineffective assistance of counsel by misrepresenting that entry of a plea to the second-degree arson charge as opposed to the third-degree arson charge would not matter once Petitioner was

committed; and (3) that the facts did not fit the crime for which he was charged (implicitly ineffective counsel).[1]

On June 12, 2007, Makas filed his first motion for reconsideration simultaneously with a Notice of Appeal to the Second Circuit. [Docket Nos. 80, 81] On June 15, 2007, this Court entered its minute order denying reconsideration. [Docket No. 82] On January 16, 2008, Makas filed his second motion for reconsideration. [Docket No. 86] On October 16, 2007, the Court of Appeals denied Makas's motion for a Certificate of Appealability and dismissed his appeal from the Judgment, which was docketed in this Court on February 27, 2008. [Docket No. 87] On July 3, 2008, this Court denied Makas's second motion for reconsideration. [Docket No. 88] On July 24, 2008, Makas appealed the denial of his motion for reconsideration to the Second Circuit Court of Appeals. [Docket No. 89] On October 29, 2008, the Court of Appeals denied Makas's motion for a Certificate of Appealability and dismissed his appeal, which was docketed in this Court on November 24, 2008. [Docket No. 93]

On October 14, 2009, Makas filed his third motion for reconsideration. [Docket No. 94] This Court denied that motion on October 30, 2009. [Docket No. 96] In that Order, this Court included the provision that any further requests for relief would not be filed unless Makas first obtained leave of court, and that any application for leave of court must be accompanied by a memorandum citing the procedure or rule under which relief is sought, explaining how this Court has jurisdiction over the motion and citing at least one federal court decision reached

---

[1] The proceedings in the state courts and the facts underlying Makas's detention are set forth in detail in this Court's 43-page Memorandum Decision and need not be repeated here.

2

within the past fifty years in which a federal court has granted relief similar to the relief Makas seeks.

On March 3, 2013, Makas filed an application for leave to reargue or reconsider the Court's decision under Rule 60(b). [Docket No. 97] This Court denied that motion on July 29, 2013, and declined to issue a Certificate of Appealability. [Docket No. 102] On February 7, 2014, the Court of Appeals, after declining to issue a Certificate of Appealability and dismissing the appeal, issued its Mandate. [Docket No. 106] Jurisdiction has been returned to this Court.

Makas brings his current motion under Federal Rule of Civil Procedure 60(b)(6), which provides that this Court may grant relief from a judgment or order for "any other reason that justifies relief." Although it is not entirely clear from the motion, it appears Makas contends that the decision of this Court was defective or irregular. To succeed in a Rule 60(b)(6) motion, Makas must satisfy two prongs. First, 60(b)(6) is available only if Rules 60(b)(1) through (5) do not apply.[2] Second, because it is considered "a grand reservoir of equitable power," a proper case for Rule 60(b)(6) relief is limited to one of extraordinary circumstances, or extreme hardship.[3] The Supreme Court has noted that the circumstances giving rise to Rule 60(b)(6) relief "will rarely occur in the habeas context."[4] The motion *sub judice* fails to meet either of these tests.

---

[2] *See ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012).

[3] *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004).

[4] *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Reduced to its essence, Makas's current motion does nothing more than rehash arguments presented and rejected by both this Court and the Court of Appeals. To the extent that Makas continues to press his ineffective assistance of counsel claims, those claims have been extensively addressed by this Court and nothing in the pending motion establishes that the decision of this Court was either defective or irregular. At most, Makas's argument is that this Court made a mistake of law, although a ground for appeal or relief under Rule 60(b)(1) is not a proper ground for Rule 60(b)(6) relief.[5]

Regarding Makas's arguments *vis-a-vis* the factual predicate for the underlying charge of second-degree arson, this Court addressed that extensively in its decision.[6] Other than disagreeing with that decision, nothing in the pending motion supports a finding of extraordinary circumstances, or that leaving the prior decision undisturbed will result in extreme hardship.

**IT IS THEREFORE ORDERED THAT** the Second Application for Leave of Court to Reargue/Reconsider at Docket No. 105 is **DENIED**.

**IT IS FURTHER ORDERED THAT**, other than a notice of appeal from this decision, this Court will entertain no further papers (pleadings, petitions, motions, or documents of any nature, however denominated) submitted by Makas, and the Clerk of the Court is directed to return any such paper unfiled to Makas, unless such paper is accompanied by an Order by the Court of Appeals.

---

[5] *See In re 310 Assoc.*, 346 F.3d 31, 35 (2d Cir. 2003) (per curiam) (holding that a Rule 60(b) motion based on judicial error falls within the scope of 60(b)(1), which must be brought within one year); *see, e.g.*, *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 269-70 (2010) (construing Rule 60(b)(4); *Stevens*, 676 F.3d at 67.

[6] Docket 77, pp. 31-42.

**IT IS FURTHER ORDERED THAT**, to the extent that it may be necessary, the Court declines to issue a Certificate of Appealability.[7] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[8]

Dated: March 5, 2014.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge

---

[7] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[8] *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.